Andrew P. Holland/Bar No. 224737
aholland@thoits.com
Mark V. Boennighausen/Bar No. 142147
mboennighausen@thoits.com
Misasha S. Graham/Bar No. 237187
mgraham@thoits.com
Nathaniel H. Lipanovich/Bar No. 292283
nlipanovich@thoits.com
THOITS LAW
A Professional Law Corporation
400 Main Street, Suite 250
Los Altos, California 94022
Telephone:  (650) 327-4200
Facsimile:   (650) 325-5572

Attorneys for Defendant
MACOM Technology Solutions Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| LITRINIUM, INC., | Case No. **8:19-cv-01674-JVS-JDE** |
| Plaintiff, | **DEFENDANT MACOM TECHNOLOGY SOLUTIONS INC.'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS** |
| v. | |
| MACOM TECHNOLOGY SOLUTIONS INC.; and DOES 1 through 20, inclusive, | Assigned to:     Hon. James V. Selna |
| Defendants. | Trial Date:       None set |
| | Hearing Date:  June 8, 2020 |
| | Hearing Time: 1:30 p.m. |

THOITS LAW
A PROFESSIONAL CORPORATION
400 Main Street, Suite 250
Los Altos, California 94022
(650) 327-4200

THOITS LAW
A PROFESSIONAL CORPORATION
400 Main Street, Suite 250
Los Altos, California 94022
(650) 327-4200

**NOTICE OF MOTION AND MOTION**

**TO PLAINTIFF AND ITS ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that on June 8, 2020 at 1:30 p.m., or as soon thereafter as this matter may be heard, in Courtroom 10C of the above-captioned court, located at 411 West 4th Street, Santa Ana, CA 92701, Defendant MACOM Technology Solutions Inc. ("MACOM") will, and hereby does, move this Court for an Order awarding MACOM $40,413.26 in attorney's fees and costs, as well as the fees incurred in preparing this motion (estimated at $18,260),[1] on the ground that MACOM prevailed in its anti-SLAPP motion and obtained a dismissal with prejudice of Plaintiff's complaint.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place telephonically on May 6, 2020 and again on May 8, 2020. Nathaniel Lipanovich attended for MACOM, and Michael Katz and Charles Barquist attended for Litrinium. MACOM had attempted to schedule the conference of counsel for May 4, 2020, but Litrinium's counsel were unavailable.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] This amount includes $10,760 in fees incurred as of the filing of this Motion, plus an estimate of $7,500 in fees for the reply brief. If oral argument is required, MACOM estimates and seeks an additional $2,500 for work related to the hearing. *See* Declaration of Andrew Holland, ¶ 15.

1    This motion is based on this Notice, the Memorandum of Points and Authorities

2    in support thereof, the Declaration of Andrew Holland, the pleadings, records and

3    files in this action, any matter of which the Court may take judicial notice, and upon

4    such other and further materials as may be presented at the hearing on this motion.

5

6    Dated:  May 11, 2020

7                                              **THOITS LAW**
                              By:    **Attorneys for Defendant MACOM**
8                                        **Technology Solutions Inc.**

9

10                                       */s/ Andrew Holland*

11                          **Andrew P. Holland/Bar No. 224737**
                            **Mark V. Boennighausen/Bar No. 142147**
12                          **Misasha S. Graham/Bar No. 237187**
                            **Nathaniel H. Lipanovich/Bar No. 292283**
13                          A Professional Corporation
                            400 Main Street, Suite 250
14                          Los Altos, California 94022
                            Telephone: (650) 327-4200
15                          Facsimile:  (650) 325-5572

16

17

18

19

20

21

22

23

24

25

26

27

28

THOITS LAW
A PROFESSIONAL CORPORATION
400 Main Street, Suite 250
Los Altos, California 94022
(650) 327-4200

MACOM'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

# TABLE OF CONTENTS

<u>Page</u>

I.    INTRODUCTION AND RELEVANT BACKGROUND ....................................1

II.   LEGAL STANDARD................................................................................2

III.  ARGUMENT ...........................................................................................3

   A.  MACOM Is Entitled To Its Fees and Costs ............................................3

   B.  MACOM's Motion To Strike Fees And Costs Are Reasonable...........................3

     1.  MACOM's Hourly Rates Are Reasonable ............................................4

     2.  MACOM's Motion To Strike Time Spent Is Reasonable .............................4

     3.  MACOM's Costs Are Reasonable ...................................................6

     4.  MACOM's Requested Fees and Costs Are Reasonable In Comparison To Other Fee Awards ...................................................6

   C.  MACOM's Fees and Costs For Its Fee Motion Are Reasonable .......................7

IV.   CONCLUSION.......................................................................................8

THOITS LAW
A PROFESSIONAL CORPORATION
400 Main Street, Suite 250
Los Altos, California 94022
(650) 327-4200

# <u>TABLE OF AUTHORITIES</u>

Page(s)

**Cases**

*Ctr. for Biological Diversity v. Cty. of San Bernardino*,
185 Cal. App. 4th 866 (2010)...................................................................4

*Graham-Sult v. Clainos*, 756 F.3d 724 (9th Cir. 2014)...................................5

*Grant & Eisenhofer, P.A. v. Brown*, No. CV175968PSGAFMX, 2018
WL 4945303, at *2 (C.D. Cal. May 14, 2018) ......................................4, 6

*Ketchum v. Moses*, 24 Cal. 4th 1122 (2001)...........................................2, 3

*Metabolife International Inc. v. Wornick*, 213 F. Supp. 2d 1220 (S.D. Cal. 2002) ......7

*Moreno v. City of Sacramento*, 534 F.3d 1106 (9th Cir. 2008) ......................5

*Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guarantee Ass'n*,
163 Cal. App. 4th 550 (2008) ...............................................................3, 7

*Safari Club Int'l v. Rudolph*, No. SACV131989JVSANX, 2014
WL 12577409, at *7 (C.D. Cal. July 21, 2014) ..................................3, 6, 7

*Serrano v. Unruh*, 32 Cal. 3d 621 (1982) ...............................................3

*Soka Univ. of Am. v. Shogakukuan*, No. SACV05953JVSANX,
2007 WL 9770694, at *2 (C.D. Cal. May 1, 2007) ....................................6

*Wagner v. S. California Edison Co.*, No. 216CV06259ODWPLA,
2019 WL 4257192, at *4 (C.D. Cal. Sept. 9, 2019)...................................6

*Zendano v. BASTA, Inc.*, No. 2:18-CV-05154-RGK-SS,
2019 WL 7997228, at *3–4 (C.D. Cal. Apr. 30, 2019) .........................2, 4, 5

**Statutes**

California Code of Civil Procedure section 425.16(c) ...................................2

MACOM'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

THOITS LAW
A PROFESSIONAL CORPORATION
400 Main Street, Suite 250
Los Altos, California 94022
(650) 327-4200

1    Defendant MACOM Technology Solutions Inc. ("MACOM") submits this

2  Motion For Attorneys' Fees following the Court's striking of Plaintiff Litrinium,

3  Inc.'s ("Litrinium") First Amended Complaint with prejudice. *See* Dkt. 29.

4  **I.    INTRODUCTION AND RELEVANT BACKGROUND**

5    Litrinium sued MACOM on September 3, 2019 asserting four claims related to

6  an alleged letter sent by MACOM to various customers to inform them of trade secret

7  litigation that had been filed by MACOM against Litrinium ("Customer Letter"), as

8  well as additional alleged statements by MACOM employees.  Dkt. 1.  MACOM met

9  and conferred with Litrinium concerning the Complaint, and specifically warned

10  Litrinium that MACOM planned to move to strike the Complaint pursuant to the anti-

11  SLAPP statute and that MACOM would seek its attorneys' fees.  Holland Decl. ¶ 12.

12  MACOM also identified various other deficiencies in the Complaint that would

13  prevent Litrinium from establishing its probability of prevailing.  *Id.*

14    In attempting to address the issues raised in this meet and confer, Litrinium

15  filed its First Amended Complaint. Despite being warned in the meet and confer as to

16  why its legal theory had no merit, Litrinium continued to base its claims on the same

17  protected activities, namely the Customer Letter and related alleged statements by

18  MACOM employees.   Dkt. 17.   MACOM once again met and conferred with

19  Litrinium, and again warned that it would file a motion to strike and seek attorneys'

20  fees.  Holland Decl. ¶ 12.  Despite being on notice for a second time, Litrinium

21  continued to proceed with the lawsuit, and MACOM's Motion To Strike followed.

22  *See* Dkt. 18.

23    MACOM's Motion To Strike explained how the Customer Letter and the

24  alleged employee statements all constituted protected activity within the meaning of

25  the anti-SLAPP statute.  *Id.* § II.B.  MACOM then explained that Litrinium had no

26  probability of prevailing, including because its claims were barred by California's

27  litigation privilege, the *Noerr-Pennington* doctrine, and for additional reasons specific

28  to each of Litrinium's causes of action.  *Id.* § II.C.

THOITS LAW
A PROFESSIONAL CORPORATION
400 Main Street, Suite 250
Los Altos, California 94022
(650) 327-4200

On April 27, 2020, the Court granted MACOM's Motion To Strike. Dkt. 29. As to the Customer Letter, the Court held that the alleged statements within it were protected activity, and that Litrinium had not met its burden of showing a probability of prevailing, including because its "argument as to these statements lack merit in that the Letter does not make such statements." *Id.* at 14. As to the alleged employee statements, the Court noted they were also protected activity and that Litrinium "appears to have conceded these arguments by not addressing them." *Id.* at 15. Finding that Litrinium provided no evidence as required under the law that it could prevail in the lawsuit, the Court struck the First Amended Complaint with prejudice, finding that granting leave would be futile. *Id.* at 16.

In its Order, the Court held that MACOM is entitled to its attorneys' fees and costs in bringing the Motion To Strike consistent with California Code of Civil Procedure ("CCP") section 425.16(c). Pursuant to the Court's Order and California law, MACOM is entitled to recover $39,539 in attorneys' fees and $874.26 in costs for its Motion To Strike. MACOM is further entitled to recover its fees and costs for bringing this fee motion, which are estimated at $18,260.[2]

## II.   LEGAL STANDARD

Fees under CCP section 425.16 are calculated using the lodestar method; that is, "the number of hours reasonably expended multiplied by the reasonable hourly rate." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1134 (2001). The party seeking fees must establish entitlement to a fee award and document the appropriate hours expended and the hourly rate. *Zendano v. BASTA, Inc*., No. 2:18-CV-05154-RGK-SS, 2019 WL 7997228, at *3–4 (C.D. Cal. Apr. 30, 2019). To assess the reasonableness of attorneys' fees sought by Defendants, the Court considers the reasonableness of the hourly rate and the hours expended. *Id.*

---

[2] This amount includes $10,760 in fees incurred as of the filing of this Motion, plus an estimate of $7,500 in fees for the reply brief. If oral argument is required, MACOM estimates and seeks an additional $2,500 for work related to the hearing. *See* Declaration of Andrew Holland, ¶ 15.

THOITS LAW
A PROFESSIONAL CORPORATION
400 Main Street, Suite 250
Los Altos, California 94022
(650) 327-4200

MACOM'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

To challenge attorneys' fees as excessive, the challenging party must "point to the specific items challenged, with a sufficient argument and citations to the evidence." *Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guarantee Ass'n*, 163 Cal. App. 4th 550, 564 (2008). General arguments that fees claimed are excessive, duplicative, or unrelated do not suffice. *Id.*

## III.   ARGUMENT

### A.   MACOM Is Entitled To Its Fees and Costs

This Court has already determined that MACOM is entitled to an award of its fees for the motion to strike.  Dkt. 29 at 17 ("MACOM has prevailed on its anti-SLAPP motion and is therefore entitled to fees on its motion."); *Ketchum*, 24 Cal. 4th at 1131 ("[A]ny SLAPP . . . defendant who brings a successful motion to strike the pleading is entitled to mandatory attorney fees.").  As a result, the only remaining issue for the Court to determine is the amount of fees to which MACOM is entitled.

In addition to fees for the Motion To Strike, MACOM is also entitled to recover its fees for bringing this fee motion.  *See Safari Club Int'l v. Rudolph*, No. SACV131989JVSANX, 2014 WL 12577409, at *7 (C.D. Cal. July 21, 2014) (Selna, J.) (awarding fees on fees); *Serrano v. Unruh*, 32 Cal. 3d 621, 639 (1982) (recoverable fees "include compensation for all hours reasonably spent, including those necessary to establish and defend the fee claims").[3]

### B.   MACOM's Motion To Strike Fees And Costs Are Reasonable

Attorneys' fees are calculated based on the hourly billing rate multiplied by hours expended.  *See Ketchum*, 24 Cal.4th at 1138.  "The fees awarded should be commensurate with the extent the motion changed the character of the lawsuit in a practical way." *Safari Club*, 2014 WL 12577409, at *3 (Selna, J.).

Here, the hourly rates and hours expended are reasonable, particularly in light

---

[3] MACOM offered to forgo the expense of the fee motion if Litrinium would agree to pay its reasonable fees and costs related to the Motion To Strike.  Litrinium declined. Holland Decl. ¶ 13.

of the result achieved – a dismissal with prejudice of the entire complaint.

### 1.     MACOM's Hourly Rates Are Reasonable

"In California, 'the reasonable hourly rate . . . is that prevailing in the community for similar work.'" *Zendano*, 2019 WL 7997228, at *4 (quoting *Ctr. for Biological Diversity v. Cty. of San Bernardino*, 185 Cal. App. 4th 866, 901 (2010)).

Here, shareholder and lead counsel Andrew Holland billed MACOM at a rate of $485 per hour. This is a discounted rate for a long-standing firm client, and is less than his customary rate of $575 per hour. Holland Decl. ¶ 4. Mr. Holland has 18 years of experience litigating complex cases, including in this District. His resume is attached as Exhibit A to the Holland Declaration. Associate Nathaniel Lipanovich billed MACOM at a rate of $450 per hour. Mr. Lipanovich has seven years of experience litigating complex cases, including in this District. Holland Decl. ¶ 5. His resume is attached as Exhibit B to the Holland Declaration.

Courts in this District regularly find that rates higher than those charged by MACOM's counsel are reasonable. *See, e.g.*, *Grant & Eisenhofer, P.A. v. Brown*, No. CV175968PSGAFMX, 2018 WL 4945303, at *2 (C.D. Cal. May 14, 2018) (finding rates of $500 per hour for associates and $600 per hour for partners reasonable and surveying attorney fee award cases regarding rates). Further, in the related trade secret case, the Central District of California-based Litrinium lawyers (Charles Barquist and Michael Katz) billed at a rate of $650 an hour. *See MACOM v. Litrinium*, Case No. 8:19cv-00220-JVS-JDE, ("*MACOM v. Litrinium*"); Dkt. No. 74-1, p.5.[4] As such, this Court should find the rates of Mr. Holland and Mr. Lipanovich to be reasonable.

### 2.     MACOM's Motion To Strike Time Spent Is Reasonable

Under Ninth Circuit law, where the plaintiff's claims arise from protected

---

[4] Jared Braithwaite and the associates who also performed work for Litrinium are based in Utah, so their billing rates are not relevant to calculating reasonable Central District of California rates. *MACOM v. Litrinium*, Dkt. 74-1 ¶¶ 9-10 (identifying these attorneys as shareholders and associates in the firm's Utah offices).

THOITS LAW
A PROFESSIONAL CORPORATION
400 Main Street, Suite 250
Los Altos, California 94022
(650) 327-4200

activity and are without merit, the anti-SLAPP Statute allows the Court to award attorney's fees for time spent on "preliminary or related matters, such as [] a reply, other filings, [and] document review…." *Graham-Sult v. Clainos*, 756 F.3d 724, 752 (9th Cir. 2014). These and other "case management" matters are compensable where the entire complaint is attached because the anti-SLAPP statute "is broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extracting herself from a baseless lawsuit." *Id.*

Although MACOM would be entitled to seek all of its fees for this litigation, MACOM has limited its request to fees related specifically to the Motion To Strike. This is confirmed by a review of the billing records that support the fee request. Under the Court's Order on the Motion To Strike, MACOM is entitled to these fees. Dkt. 29 (awarding fees for "the motion to strike, and not the entire action"). MACOM is not seeking fees for other work performed on the case, and those entries have been redacted.

Here, MACOM seeks to recover fees for 86.2 hours spent on the Motion To Strike. This is a reasonable amount of time. *See, e.g.*, *Zendano*, 2019 WL 7997228, at *5 (C.D. Cal. Apr. 30, 2019) (awarding $40,588.75 in fees and finding 85.45 hours to be reasonable time spent and $475 to be reasonable hourly rate); *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (explaining that, in most instances, courts "should defer to the winning lawyer's professional judgment" about hours spent on the case). As a further comparison, the time spent by MACOM on its motion to strike is also reasonable in comparison to the time spent by Litrinium in responding to the related trade secret action. *See MACOM v. Litrinium* Dkt. 74-1, pp. 5-6 (126 hours for analyzing and filing motion to dismiss on first amended complaint; 227 hours for analyzing and filing motion to dismiss second amended complaint).

MACOM has supported its request with its attorneys' contemporaneous time records in this case, with some redactions of privileged information, clarifications, and consideration of billing judgment. *See* Holland Decl. ¶ 7, Exhs. D-F). This

THOITS LAW
A PROFESSIONAL CORPORATION
400 Main Street, Suite 250
Los Altos, California 94022
(650) 327-4200

MACOM'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

declaration is more than sufficient to justify awarding MACOM the attorney's fees it seeks. *See Grant*, 2018 WL 4945303, at *2 (relying on counsel declaration for reasonableness of rates).

MACOM is entitled to the entirety of its fees related to the Motion To Strike because that motion attacked the entire complaint and was a complete success. *See Safari Club*, 2014 WL 12577409, at *3 (Selna, J.) ("The fees awarded should be commensurate with the extent the motion changed the character of the lawsuit in a practical way."). Further, each argument presented in the Motion To Strike addressed either the application of the anti-SLAPP statute (e.g. whether the Customer Letter was protected speech) or whether Litrinium had a probability of prevailing on its claims (e.g. that the litigation privilege applied or that Litrinium had not stated a claim). Thus MACOM should recover all of its fees.

### 3.   MACOM's Costs Are Reasonable

MACOM seeks $874.26 in costs. These costs also include $509.21 in travel expenses for the Motion To Strike oral argument. Holland Decl. ¶ 9. These costs are recoverable. *Cf. Soka Univ. of Am. v. Shogakukuan*, No. SACV05953JVSANX, 2007 WL 9770694, at *2 (C.D. Cal. May 1, 2007) (awarding travel expenses as part of anti-SLAPP fee award). These costs also include $365.05 in expenses related research for the Motion To Strike, courtesy copies of the Motion To Strike briefing, and for a transcript of the Motion To Strike hearing. Holland Decl. ¶ 9. These costs are also recoverable. *Cf. Wagner v. S. California Edison Co.*, No. 216CV06259ODWPLA, 2019 WL 4257192, at *4 (C.D. Cal. Sept. 9, 2019) (awarding costs related to service of anti-SLAPP motion).

### 4.   MACOM's Requested Fees and Costs Are Reasonable In Comparison To Other Fee Awards

MACOM's request for $40,413.26 in fees and costs for the Motion To Strike is inherently reasonable in comparison to other awards. *See, e.g.*, *Soka Univ.*, 2007 WL 9770694, at *3 (Selna, J.) (awarding $498,296.10 in fees and costs); *Metabolife*

MACOM'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

*International Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1228 (S.D. Cal. 2002) (granting request for 318,687.99 in fees); *Premier Medical*, 163 Cal. App. 4th at 556-565 (affirming attorney's fees awards of $76,206, $33,295, and $165,000 to three Anti-SLAPP movants).

### C.   MACOM's Fees and Costs For Its Fee Motion Are Reasonable

As set forth above, MACOM is also entitled to fees for having to bring this fee motion. *See, e.g.*, *Safari Club*, 2014 WL 12577409, at *7 (Selna, J.) (awarding fees on fees); *see also Serrano*, 32 Cal. 3d at 639.   MACOM met and conferred with Litrinium to try and avoid having to bring this motion, but Litrinium would not agree to pay the fees MACOM had incurred for the Motion To Strike, thus necessitating this fee motion.  Holland Decl. ¶ 13.

MACOM seeks $18,260 in fees for its fee motion.  This includes $10,760 for fees incurred as of the filing of this motion, as well as an estimate of $7,500 for fees for the reply brief.  If oral argument is required, MACOM seeks an additional $2,500 in fees for the argument and related preparations.[5]  Holland Decl. ¶¶ 14-15.  The estimate of fees for the reply and oral argument will be substantiated in future filings.

As set forth in the prior section, the hourly rates of MACOM's counsel are reasonable when compared to the prevailing rates in this District.[6]  The number of hours expended on the fee motion and the amount of the award sought are also reasonable in comparison to other awards for fees on fees. *See, e.g.*, *Safari Club*, 2014 WL 12577409, at *7 (Selna, J.) (awarding $16,742 in fees on fees).

---

[5] MACOM has assumed any oral argument will be held telephonically given the current court closures and so this does not include any travel time or costs (e.g. airfare).

[6] Counsel Mark Boennighausen also assisted with the fee motion and billed MACOM at a rate of $395 per hour.  This is also a discounted rate for a long-standing firm client, and is less than his typical rate of $$475.  Holland Decl. ¶ 6.  Mr. Boennighausen has 30 years of experience litigating complex cases, including in this District.  His resume is attached as Exhibit C to the Holland Declaration.

THOITS LAW
A PROFESSIONAL CORPORATION
400 Main Street, Suite 250
Los Altos, California 94022
(650) 327-4200

1    IV.    **CONCLUSION**

2         For the foregoing reasons, MACOM'S motion for attorney's fees and costs

3   should be granted.

4   Dated:  May 11, 2020

5

6

**THOITS LAW**
**Attorneys for Defendant MACOM**
**Technology Solutions Inc.**

7

8

9             By:           */s/ Andrew Holland*

10                   **Andrew P. Holland/Bar No. 224737**
**Mark V. Boennighausen/Bar No. 142147**
**Misasha S. Graham/Bar No. 237187**
**Nathaniel H. Lipanovich/Bar No. 292283**
A Professional Corporation
400 Main Street, Suite 250
Los Altos, California 94022
Telephone: (650) 327-4200
Facsimile:  (650) 325-5572