Michael I. Katz (CA State Bar No. 181728)
   mkatz@mabr.com
Charles S. Barquist (CA State Bar No. 133785)
   cbarquist@mabr.com
Jared J. Braithwaite (CA State Bar No. 288642)
   jbraithwaite@mabr.com
MASCHOFF BRENNAN
100 Spectrum Center Drive, Suite 1200
Irvine, California 92618
Telephone: (949) 202-1900
Facsimile: (949) 453-1104

Attorneys for Plaintiff Litrinium, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| **Litrinium, Inc.**,<br><br>    Plaintiff,<br><br>v.<br><br>**MACOM Technology Solutions Inc.**, and **DOES 1 through 20**, inclusive,<br><br>    Defendants. | Case No. 8:19-cv-01674-JVS-JDE<br><br>**Litrinium, Inc.'s Partial Opposition to Defendant MACOM Technology Solutions Inc.'s Motion for Attorneys' Fees and Costs**<br><br>Assigned to:   Hon. James V. Selna<br>Trial Date:     None<br>Hearing Date: June 8, 2020<br>Hearing Time: 1:30 p.m. |

In view of the Court's order permitting MACOM to recover fees for its anti-SLAPP motion to strike, Litrinium does not oppose MACOM's fee request for those fees and costs related to the motion to strike.[1] MACOM, however, advanced two motions in this case: (1) a motion "to Strike First Amended Complaint Pursuant to Cal. Code Civ. Proc. § 425.16"; and (2) a motion "to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6)." Accordingly, Litrinium submits this opposition because MACOM should not be awarded its fees related to its motion to dismiss and other issues apart from its motion to strike.

## I.   ARGUMENT

### A.   An award of MACOM's fees on its anti-SLAPP motion to strike should not include fees for its motion to dismiss or other unrelated issues.

MACOM prevailed on its motion to strike under California's Anti-SLAPP statute, which entitled it to fees for that motion and only that motion. *S.B. Beach Properties v. Berti*, 39 Cal. 4th 374, 381 (2006) ("[T]he fee provision applies only to the motion to strike, and not to the entire action."). But MACOM's present motion for fees and costs is not limited to the motion to strike and includes fees on its separate motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

MACOM carries the burden of showing that its requested fees were incurred for the motion to strike as opposed to other matters in the action. *See ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1020 (2001). But the only records MACOM's counsel submitted to meet its burden to support its fees motion consist of block-billed time entries. While block billing does not necessarily preclude recovery of fees per se, they do make it difficult or impossible for the Court to excise any non-compensable items. And MACOM's time entries include entries for work on a standing issue (never raised), the sham litigation exception (not raised by the parties), and potential exception for malicious prosecution (also not raised by the parties). (*See* Docket No. 30-1, Holland Decl. at pp.

---

[1] While Litrinium does not fully oppose the fee application, it does preserve its right to appeal the Court's order granting MACOM's motion to strike as the predicate basis for a fee award.

18–19 (regarding, e.g., 10/07/19, 10/08/19, 10/14/19.) The time entries also lump together time spent on the anti-SLAPP motion to strike and separate, unrelated issues and those peculiar to MACOM's motion to dismiss.

Because MACOM's time records provide no feasible way to separate fees for MACOM's anti-SLAPP motion to strike from its motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Litrinium submits that the Court should reduce an award of MACOM's fees actually incurred by at least 50%. Specifically, MACOM's fee request alleges that it incurred $39,539 in fees that were the subject of its request and an additional $10,760 in making the fee request itself, the total of which should be reduced to $25,149.50 as an approximation of the fees attributable to MACOM's motion to strike.[2]

MACOM's fees in connection with its fee request (opening brief, reply, and hearing fees) are also excessive in that they represent a potential 50% increase in the underlying fees—MACOM's opening brief alone is a 25% increase in the underlying fees. While MACOM notes that the parties' meet-and-confer efforts did not result in resolution on MACOM's fee request, Litrinium did not oppose the rates for MACOM's counsel or other reasonableness factors. Instead, Litrinium offered several proposals to resolve the fee request in the context of an overall settlement of all issues—all of which were rejected by MACOM without offering a single penny by way of compromise on its fee request to account for those fees outside of its motion to strike. Litrinium's 50% requested reduction also accounts for the excessiveness of MACOM's fees on its motion seeking fees for time spent other than on its motion to strike.

---

[2] Litrinium takes no position on the reasonableness of the requested hourly rates, deferring to the Court's judgment. Litrinium also does not oppose or argue for reduction in the costs requested by MACOM.

**B.    MACOM's estimated fees for its reply brief and potential hearing are excessive in light of Litrinium's short and partial opposition.**

MACOM's counsel estimates that it will incur another $7,500 in fees for its reply to this opposition and "an additional $2,500 for work related to the hearing." (Docket No. 30 at 2 n. 2.) This estimate is exorbitant in light of this partial opposition and should not be awarded. Additionally, Litrinium will waive oral argument under L.R. 7-15 to make MACOM's estimate for hearing-related work unnecessary.

## II.   CONCLUSION

In the event that the Court determines to grant MACOM's motion, it should award no more than $25,149.50 in fees and $874.26 in costs for MACOM's motion to strike pursuant to California Code of Civil Procedure § 425.16. The remainder of MACOM's request for fees and costs should be denied as unrecoverable in connection with MACOM's motion to strike and based on excessive estimates.

Dated: May 18, 2020                    Respectfully submitted,

MASCHOFF BRENNAN

By: /s/ Michael I. Katz
Michael I. Katz
Charles S. Barquist
Jared J. Braithwaite

Attorneys for Plaintiff Litrinium, Inc.