UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1674 JVS(JDEx) | Date | 6/8/2020 |
| Title | Litrinium, Inc. v. MACOM Technology Solutions Inc. et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS]** Minute Order Regarding Motion for Attorneys Fees and Costs

Defendant MACOM Technology Solutions, Inc. ("MACOM") moves for attorneys' fees and costs. Mot., ECF No. 30. Plaintiff Litrinium, Inc. ("Litrinium") filed a partial opposition. Opp'n., ECF No. 33. MACOM replied. Reply, ECF No. 34.[1]

For the following reasons, the Court **GRANTS** the motion and awards MACOM $39,539 in fees for the motion to strike, $10,760 for the fee motion, and $874.26 in costs for a total award of $51,173.26. The Court finds that oral argument would not be helpful in this matter and **vacates** the June 8, 2020 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

### I. BACKGROUND

Litrinium brought the following claims against MACOM: (1) violation of the Lanham Act; (2) Unfair Competition; (3) intentional interference with prospective economic advantage; and (4) negligent interference with prospective economic advantage. First amended complaint ("FAC"), ¶¶ 35-75, ECF No. 17.

The FAC alleged the following. On February 4, 2019, MACOM filed an action against Litrinium (Case No.: 8:19-cv-220-JVE-JDE), alleging that Litrinium and one of its employees, Jerome Garez ("Garez"), misappropriated their trade secrets (the "Trade Secret Action"). Id. at ¶ 17. After Litrinium prevailed on two motions to dismiss, MACOM voluntarily dismissed its claims. Id. at ¶¶ 18-20. The FAC alleges that despite

---

[1] Litrinium objects to the reply as having been late filed. Obj., 36. In its discretion, the Court will consider the reply, but will not award any fees for the reply.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1674 JVS(JDEx) | Date | 6/8/2020 |
|---|---|---|---|

| Title | Litrinium, Inc. v. MACOM Technology Solutions Inc. et al |
|---|---|

failing to assert a viable complaint or adequate trade secret disclosure in the Trade Secret Action, MACOM immediately launched a campaign intended to injure Litrinium in the market place through "false and misleading advertising, business disparagement, and misrepresentations." Id. at ¶ 22. Specifically, in March 2019, MACOM issued a letter addressed to "Dear valued customer" that was disseminated, on information and belief, to customers and prospective customers (the "Letter"). Id. at ¶ 23.

Litrinium contends that the Letter contained the following false and/or misleading claims not related to the Trade Secret Action: (1) misleadingly suggests that two Litrinium employees, Angus Lai ("Lai") and Sebastien Douyere ("Douyere"), who were not named in any of MACOM's pleadings, were being investigated; (2) misleadingly suggests that Lai and Douyere are the subject of legal claims asserted by MACOM when they were not; and (3) misleadingly suggests that technology allegedly misappropriated by Litrinium included "28G Burt Mode TIA" products, when Litrinium does not have or offer such a product. Id. at ¶ 26.

The Letter is also allegedly false and misleading in that it suggests that customers who might purchase products from Litrinium could be subject to legal action by MACOM when they could not be because they were not aware of the substance of any alleged trade secrets. Id. at ¶ 30. Specifically, the FAC refers to the following statement:

> In light of your company's business relationship with MACOM, we suspect that Litrinium may approach you. If you are approached by anyone affiliated with Litrinium, we request that you promptly notify us and share whatever non-confidential product and marketing information you receive from Litrinium. We believe it is critical that MACOM and its customers operate with the utmost transparency in respecting and enforcing each other's intellectual property rights. We are committed to working with our customers to ensure that they are not ensnared in legal actions that could jeopardize them because of intellectual property theft. That said, MACOM is committed to protecting its intellectual property rights, including those rights as against parties who knowingly use and incorporate MACOM's proprietary and confidential information in their products, or aid and abet others who do so.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1674 JVS(JDEx)                              Date   6/8/2020

Title       Litrinium, Inc. v. MACOM Technology Solutions Inc. et al

Id. at ¶ 29; Letter, 1, ECF No. 1-1.

In addition to the Letter, the FAC alleges that MACOM made the following false and misleading claims through its employees' communications with investors, customers, and prospective customers: (1) Preet Virk ("Virk"), SVP and Manager of MACOM's Networking Unit, told Lai "and a Litrinium customer" that Litrnium was "stealing our people"; (2) Virk told Lai when he decided to leave MACOM that "MACOM would file a lawsuit for the purpose of slowing Litrinium's progress and to scare off investors"; (3) Gary Shah ("Shah"), VP Business Line Manager at MACOM, told "a customer" that "MACOM intentionally waited to file the lawsuit until Litrinium had achieved enough success that it 'had some money'"; (4) Jimmy Lin, MACOM's Sales Manager, told several customers that if they were to buy Litrinium products they would have "legal issues"; and (5) Donghyun Thomas Hwang ("Hwang"), MACOM's SVP for Global Sales, told a customer that MACOM is suing Litrinium because it has the same pin-out as MACOM and is selling the product at half the price.  FAC at ¶ 32.  The FAC also alleges that MACOM has threatened its own employees by suggesting that if they took a job with Litrinium, MACOM would sue them.  Id. at ¶ 33.  As a result of these "threats and false and misleading claims and statements" directed at Litrinium's customers and prospective customers, Litrinium was unable to consummate sales to numerous customers.  Id. at ¶ 34.

On April 27, 2020, this Court granted MACOM's anti-SLAPP motion to strike the FAC with prejudice.  Order, ECF No. 29.

## II. Legal Standard

The anti-SLAPP statute provides that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorneys' fees and costs."  Cal. Code Civ. Proc. § 425.16(c) (emphasis supplied).  The fee provision applies only to the motion to strike, and not the entire action.  S. B. Beach Props. v. Berti, 39 Cal. App. 4th 374, 381 (2006).

"[A] court assessing attorney fees begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case.'"  Ketchum v. Moses, 24

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1674 JVS(JDEx)                      Date  6/8/2020

Title  Litrinium, Inc. v. MACOM Technology Solutions Inc. et al

Cal. 4th 1122, 1131-32 (2001) (quoting Serrano v. Priest, 20 Cal. 3d 25, 48 (1977)).  In determining reasonable compensation, courts "must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation."  Id. at 1132 (quoting Serrano, 20 Cal. 3d at 48).  "The lodestar is the basic fee for comparable legal services in the community; it may be adjusted by the court" based on a variety of factors.  Id.

To calculate the "lodestar," the court must multiply the number of hours the attorneys reasonably spent on the litigation by the reasonable hourly rate in the community for similar work.  McElwaine v. U.S. West, Inc., 176 F.3d 1167, 1173 (9th Cir. 1999).  The court may raise or lower the lodestar based on several factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Fischel v. Equitable Life Assurance Society, 307 F.3d 997, 1007 n.7 (9th Cir. 2001).  The Court is cautious not to adjust the lodestar figure based on any of the foregoing factors that are subsumed into the original lodestar calculation.  Morales v. City of San Rafael, 96 F.3d 359, 364, 364 n.9 (9th Cir. 1996).

### III. DISCUSSION

MACOM asks the Court to enter an award of $40,413.26 in attorneys fees and costs as well as fees incurred in preparing this motion (estimated at $18,260[2]) on the

---

[2] $10,760 in fees incurred to file the Motion and an estimated $7,500 for filing its reply brief. Mot., 2.  Because the reply was late filed and MACOM has provided no response to Litrinium's objection to the reply, the Court **DENIES** the request for fees pertaining to the reply.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1674 JVS(JDEx)                            Date   6/8/2020

Title   Litrinium, Inc. v. MACOM Technology Solutions Inc. et al

grounds that it prevailed on its anti-SLAPP motion and obtained dismissal with prejudice of Litrinium's complaint.  Mot., 1; Andrew Holland ("Holland") Decl., ECF No. 30-1. MACOM represents that its counsel spent 86.2 hours on the Motion to Strike and/or Dismiss and 24 hours its fee motion.  Holland Decl., ¶¶ 10-14.  The hourly rates for the time spent on these motions range between $395 and $500.  Id.  The hourly rates are reasonable in light of the experience of the attorneys.

Litrinium filed a partial opposition arguing that the Court should not award MACOM fees for the motion to dismiss and other issues apart from its motion to strike, but that MACOM's request for fees includes fees on its separate motion to dismiss. Opp'n, 2.  Litrinium points to three entries (10/07/19, 10/08/19, 10/14/19).  Id. at 3. Litrinium argues that because of MACOM's block billing practices which it contends make it difficult to separate fees for each motion, the Court should reduce MACOM's award by at least 50%.  Id.  MACOM argues that each of these entries concerned issues that pertained to the motion to strike.  Reply, 3.  For example, it argues that it researched standing issues to determine whether it had a standing argument to attack Litrnium's probability of prevailing on its UCL claim, that it researched the sham exception which, although it did not raise it in its brief, Litrinium raised at oral argument, and that it raised malicious prosecution in its motion to strike.  Id.  Having reviewed the Holland Declaration and the attached exhibits, the Court agrees that these entries are related to the motion to strike.  Litrinium has provided no convincing arguments to the contrary. Additionally, MACOM's motion to dismiss was an alternative to the motion to strike, consisted of two sentences, and was raised on the same basis as the motion to strike.  ECF No. 18, p. 32.  Thus, it can hardly be said that these issues were unrelated to the motion to strike.  Furthermore, the issues in the briefing were not straightforward, were afforded more than half an hour of oral argument, resulted in a 17 page order, and have since been appealed to the Ninth Circuit.  See ECF Nos. 18, 19, 20, 27, 29.  For all of the foregoing reasons the Court deems MACOM's request reasonable.

Litrinium also argues that MACOM's request for fees in connection with its fee request are excessive because they represent a 50% increase in the underlying fees. Opp'n, 3.  The fees represent a total of 24 hours of work which is reasonable to draft a motion for fees and accompanying declaration.  Additionally, the Court has denied MACOM's request for fees pertaining to the reply.  Finally, Litrinium does not contest the costs requested by MACOM.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1674 JVS(JDEx) | Date | 6/8/2020 |
|---|---|---|---|
| Title | Litrinium, Inc. v. MACOM Technology Solutions Inc. et al | | |

    Accordingly, the Court **GRANTS** the motion and awards MACOM $39,539 in fees for the motion to strike, $10,760 for the fee motion, and $874.26 in costs for a total award of $51,173.26.

### IV. CONCLUSION

    For the foregoing reasons, the Court **GRANTS** the motion and awards MACOM $39,539 in fees for the motion to strike, $10,760 for the fee motion, and $874.26 in costs for a total award of $51,173.26. The Court finds that oral argument would not be helpful in this matter and **vacates** the June 8, 2020 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

    **IT IS SO ORDERED.**

                                                                                  : 0

Initials of Preparer    lmb